**KRYSTAL ENTERPRISES, INC.,**
**a California corporation,**
**Plaintiff–Appellant,**

v.

**Thomas HOLLENBECK, an individual;**
**Metrotrans Corporation, a Georgia**
**corporation, Defendants–Appellees.**

No. 99–55962.

D.C. No. CV–97–00875–GLT.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 12, 2001.

Decided April 20, 2001.

Before BEEZER, T.G. NELSON, and BERZON, Circuit Judges.

## MEMORANDUM *

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

### A. *Disparagement and Defamation Claims*

■ Hollenbeck's false statement to Kim regarding the inability of Krystal Enterprises ("Krystal") to service its buses could not have caused Krystal's damages arising out of Kim's refusal to accept delivery of three buses.[1] The injunction prohibited Krystal from delivering the infringing buses to Kim, so it would not have mattered that Krystal could not service buses that it was not allowed to sell in the first place.[2] Thus, the district court did not err in granting Metrotrans Corporation's ("Metrotrans") motion for summary judgment on Krystal's disparagement and defamation claims.[3]

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. The only damages Krystal seeks as a result of Hollenbeck's false statement are those arising out of Kim's refusal to accept delivery of three buses. The damages that Krystal seeks for harm to its reputation were allegedly caused by Metrotrans' advertisements.

2. Hollenbeck sent his letter to Kim before the settlement allowing Krystal to sell some of its infringing buses was reached.

3. Krystal did not appeal the district court's ruling on Metrotrans' first summary judgment motion that Hollenbeck's statement regarding how long it would take Krystal to deliver new buses was "opinion and not fact" and thus

## B. *Lanham Act Claims*

■ Krystal failed to raise a genuine issue of material fact as to whether Metrotrans' "Tag Axle" and "Have You Heard the Rumor" advertisements contained false claims of product superiority.[4] We have distinguished (1) an advertisement that explicitly or implicitly asserts that a claim of product superiority is based on studies, which may be proven false by showing that the studies are unreliable, from (2) an advertisement that made no such assertion, which must be proven false by affirmative evidence.[5] We agree with the district court that neither advertisement in this case mentions a study or comparative analysis or implies that Metrotrans' claims of product superiority are study-validated. Therefore, Krystal was required to offer evidence tending to show the falsity of Metrotrans' claims of product superiority. It failed to do so.

The claim of "highest residual value" in the "Tag Axle" advertisement was based on a comparison of "residual value," the average percentage of the manufacturer's suggested retail price that is retained upon resale. Thus, the fact that Krystal's buses had a higher resale value according to the "Bus Book" is irrelevant,[6] and Krystal has offered no other evidence tending to show that the claim of "highest residual value" was false.

In its "Have You Heard the Rumor" advertisement, Metrotrans claimed the "highest resale value . . . of any small U.S.A. bus." However, because this advertisement was published in August 1997, Krystal's comparison of "high" and "low" resale values in the 1998 edition of the "Bus Book," which was not fully compiled until November 1997 (at the earliest), does not tend to show that such a claim was false when made.

Nor did Krystal offer any evidence tending to show that Metrotrans' advertisements, although "literally true," were "likely to mislead."[7] Krystal's surveys of how mid-size bus consumers prioritize "residual value" have nothing to do with whether the advertisements conveyed an implied message and deceived the viewing public. Instead, they merely suggest that such consumers would be very interested in Metrotrans' advertisements.[8] For all these reasons, the district court did not err

---

not a basis for a defamation or disparagement action.

**4.** *See* 15 U.S.C. § 1125(a). Krystal's amended complaint also alleged that these advertisements: (1) defamed and disparaged Krystal, and (2) constituted trade libel under California law. These claims have been dismissed and are not at issue on this appeal.

**5.** *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir.1997).

**6.** In other words, even if the resale price of Krystal's model was higher than that of Metrotrans' comparable model, Krystal's model could still have (and did have, according to the study) a lower "residual value" than that of the Metrotrans model, if Krystal's bus originally sold for more money.

**7.** *William H. Morris Co. v. Group W, Inc.*, 66 F.3d 255, 258 (9th Cir.1995) ("Where a state-

ment is not literally false, and is only misleading in context, . . . proof that the advertising actually conveyed the implied message and thereby deceived a significant portion of the recipients becomes critical [to a Lanham Act claim]."); *see also Southland Sod Farms*, 108 F.3d at 1140 (stating that relief is available under Lanham Act if it is shown, typically through the use of consumer surveys, that an advertisement misled, confused, or deceived the consuming public).

**8.** Krystal contends that it has raised a genuine issue of material fact to support its Unfair Business and Trade Practices Act claim, *see* Cal. Bus. & Prof.Code § 17500, because Metrotrans' "[r]el[iance] upon outdated data has a tendency to mislead." For the same reason given above, this claim is without merit.

in granting Metrotrans' motion for summary judgment on Krystal's Lanham Act claims.

AFFIRMED.